1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8                EASTERN DISTRICT OF CALIFORNIA

9

10

ANTHONY GASTON,                ) 1:10-cv—01578-SKO-HC

11                             )

              Petitioner,      ) ORDER TRANSFERRING CASE

12                             )
                               )

13      v.                     )
                               )

14  ANTHONY HEDGEPETH,          )
                               )

15           Respondent.        )
                               )

16  _____ )

17

       Petitioner is a state prisoner proceeding pro se and in

18
forma pauperis with a petition for a writ of habeas corpus

19
pursuant to 28 U.S.C. § 2254.

20
       The petition reflects that Petitioner is incarcerated at

21
Salinas Valley State Prison in Soledad, California.  (Pet. 1.)

22
Petitioner is thus incarcerated within the Northern District of

23
California.

24
       Petitioner challenges findings resulting from two prison

25
disciplinary hearings that occurred while Petitioner was

26
incarcerated at the Kern Valley State Prison, which is located

27
within the Eastern District of California.

28

                              1

1     The Court takes judicial notice of its findings and

2  recommendations filed on October 29, 2009, in <u>Gaston v.</u>

3  <u>Harrington</u>, case number 1:09-cv-1025-OWW-GSA-HC, regarding

4  Petitioner's previous petition challenging one of the

5  disciplinary findings that is a subject of the instant petition.

6  The Court noted that Petitioner was incarcerated pursuant to a

7  judgment of the Superior Court of California, County of Los

8  Angeles, following his conviction by jury trial on August 12,

9  1994, of first degree murder with use of a firearm for which he

10  was sentenced to serve an indeterminate prison term of

11  twenty-nine years to life.  (Doc. 14, 1: 22-25.)[1]  Thus,

12  Petitioner was convicted in a court that is situated without the

13  Eastern District of California.

14      Title 28 U.S.C. § 2241(d) provides as follows which respect

15  to venue, jurisdiction and transfer in a habeas proceeding

16  pursuant to 28 U.S.C. § 2254:

17          Where an application for a writ of habeas corpus
            is made by a person in custody under the judgment
18          and sentence of a State court of a State which
            contains two or more Federal judicial districts,
19          the application may be filed in the district court
            for the district wherein such person is in custody
20          or in the district court for the district
            within which the State court was held which
21          convicted and sentenced him and each of such
            district courts shall have concurrent jurisdiction
22          to entertain the application. The district court
            for the district wherein such application is filed
23          in the exercise of its discretion and in furtherance
            of justice may transfer the application to the
24          other district court for hearing and determination.

25  Although venue is generally proper in either the district of the

26  _____

27          [1]The Court may take judicial notice of court records. Fed. R. Evid.
    201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993);
28  <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978),
    <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).

1  prisoner's confinement or the convicting court's location,

2  petitions challenging a conviction preferably are heard in the

3  district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266

4  (N.D.Cal. 1968); petitions challenging execution of sentence are

5  preferably heard in the district where the inmate is confined,

6  Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  A court

7  should further consider traditional considerations of venue, such

8  as the convenience of parties and witnesses and the interests of

9  justice.  Braden v. 30th Judicial Circuit Court of Kentucky, 410

10 U.S. 484, 495 (1973).

11      Title 28 U.S.C. § 1406(a) provides that a district court of

12 a district in which is filed a case laying venue in the wrong

13 division or district shall dismiss, or if it be in the interest

14 of justice, transfer such case to any district or division in

15 which it could have been brought.

16      Title 28 U.S.C. § 1631 provides that if a civil action is

17 filed in a court that lacks jurisdiction, the court shall, if it

18 is in the interest of justice, transfer such action to any other

19 court in which the action could have been brought at the time it

20 was filed or noticed, and the action shall proceed as if it had

21 been filed in or noticed for the court to which it is transferred

22 on the date upon which it was actually filed in or noticed for

23 the court from which it is transferred.

24      In habeas proceedings challenging prison disciplinary

25 determinations, where the Petitioner is not incarcerated in the

26 district wherein the prison disciplinary determination occurred,

27 venue is proper in either the district where the petitioner is

28 confined or the district where the court was held which convicted

1  and sentenced the petitioner.  Although the Ninth Circuit has not

2  determined the issue directly, it has been held that jurisdiction

3  is lacking (and thus venue does not lie) in the district in which

4  the disciplinary proceedings occurred if that district is neither

5  the district of confinement nor the district of the situs of the

6  convicting court.  Wadsworth v. Johnson, 235 F.3d 959, 961-963

7  (5th Cir. 2000); but see, King v. Pliler, No. C 00-2382 TEH (PR),

8  2000 WL 1456938 at *1 (N.D.Cal. Sept. 27, 2000) (dicta regarding

9  a prison disciplinary hearing constituting a "conviction").  A

10 prison disciplinary tribunal that imposes a disciplinary penalty

11 that affects the duration of confinement is not a state court

12 that convicted and sentenced the petitioner within the meaning of

13 section 2241(d).  235 F.3d at 962.  Further, even though the

14 reach of a district court's service of process may extend

15 throughout a state, § 2241(d) has been interpreted as a specific

16 limit on jurisdiction and venue that supercedes the more general

17 policy to have cases resolved in the court which is located near

18 the site of the underlying controversy. Id. at 963.

19      Here, the petition concerns not the propriety of

20 Petitioner's conviction or sentence, but rather the execution of

21 his sentence; thus, it is appropriately brought in the district

22 of Petitioner's confinement, namely, the Northern District of

23 California.  The case should be transferred pursuant to 28 U.S.C.

24 § 1631 because this Court lacks jurisdiction: Petitioner is not

25 confined in this district, and his state court conviction was not

26 sustained in a court located within the Eastern District.

27      Accordingly, IT IS ORDERED that the petition be transferred

28 ///

1   to the United States District Court for the Northern District of

2   California.

3   IT IS SO ORDERED.

4   **Dated:   September 3, 2010**                    **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28